IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| WILBUR BARNES, | : | |
| | : | |
|     Petitioner, | : | |
| | : | |
| vs. | : | Civil Action File No. |
| | : | **7:05-CV-57 (HL)** |
| DONALD BARROW, Warden | : | |
| | : | |
|     Respondent. | : | |

## RECOMMENDATION AND ORDER

Presently pending in this *pro se* prisoner *habeas corpus* action is respondent's motion to dismiss (tab 5) and petitioner's motion to substitute respondent (tab 10).

Petitioner requests that the record reflect that the warden of the institution in which he is confined has changed from named respondent Donald Barrow to Darrell Hart. For good cause shown, petitioner's motion is **GRANTED**.

Petitioner executed this petition on or about June 6, 2005. Petitioner was convicted pursuant to a guilty plea on March 6, 2003 of voluntary manslaughter in Tift County, for which petitioner was sentenced to fourteen years imprisonment. Petitioner filed a state habeas corpus action in Lowndes County on January 5, 2005. After an evidentiary hearing on March 16, 2005, the state habeas court denied relief in an order filed May 18, 2005. It does not appear that petitioner filed for an application with the Georgia Supreme Court for a certificate of probable cause to appeal the denial of habeas corpus relief.

Respondent moves to dismiss the petition as untimely based upon the one-year statute of limitations under 28 U.S.C § 2244(d) and for failing to state a claim upon which relief can be

granted.

Section 2244(d) of the AEDPA provides as follows:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

A conviction is "final" for habeas corpus review when direct review has concluded or the time for seeking further appellate review has expired. Clay v. United States, 537 U.S. 522, 527 (2003). Petitioner's conviction was final after the thirty day period expired within which he could have appealed his guilty plea to the Georgia Court of Appeals. O.C.G.A. §§ 5-6-37 and 38. Consequently, petitioner's conviction became final on April 5, 2003. Petitioner waited until January of 2005 to file his petition for state habeas relief, well after the one year period had expired.

Respondent also requests that this petition be dismissed for failure to state a claim upon which relief may be granted. And indeed, a review of the petition as well as petitioner's response to the motion to dismiss, reveals that petitioner is not challenging his guilty plea of March 2003, but is instead seeking some relief as a result of his state habeas corpus case. The relief petitioner requests is for this court to order the state habeas court to provide him with

appointed counsel and provide another hearing for him.

However, alleged infirmities in state collateral attacks are not bases upon which federal habeas corpus relief may be granted.  Quince v. Crosby, 360 F.3rd 1259, 1261-62 (11th Cir. 2004).

Therefore, it is the RECOMMENDATION of the undersigned that respondent's motion to dismiss the petition as untimely be **GRANTED**.   Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO ORDERED AND  RECOMMENDED**, this 3rd day of February, 2006.


//S Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

msd